JAMES BELL *vs.* JAMES McLERAN.

CALEDONIA,
March,
1831.

A *book account* action lies to recover fees for plaintiff's arguing a cause for defendant, upon sufficient proof that the services were performed, although no charge was made on any regular book of accounts, but on slips of paper filed according to plaintiff's custom in his professional business.

This was an action of *book account*, appealed from the judgement of a justice of the peace to the county court. There, judgement was rendered that the defendant account, and auditors were appointed, who reported a sum due to the plaintiff. Exceptions were filed to the report by the defendant's counsel ; but the report was accepted, and judgement rendered thereon for the plaintiff. Exceptions were filed to that decision ; upon which the action was brought up to this Court.

The facts reported by the auditors, upon which alone any questions of law could arise, were in substance the following : that the plaintiff performed the services for which he claimed to recover ; that the defendant admitted this on oath ; that the plaintiff produced his account on a small slip of paper, and testified that this was his original charge, and made at or near the time when the services were performed ; that his custom was to charge for all his professional services on similar slips of paper, and keep them on file, and not charge them on any book ; that he kept a book of accounts, on which he made no charges himself, but on which his family made charges relating to his family, and domestic concerns.

The cause was now argued upon these exceptions.

*For the defendant*, it was insisted, 1. That in an action of book account, a book is indispensable to support the plaintiff's claim. The very name and nature of the action presuppose a book. The declaration contains a profert of it. The policy of the law and the safety of community alike require it. It is the strongest safeguard against the perjury, which the peculiarity of the proceedings, in this form of action, almost invites.—*Swift's Dig.* 728–9.

2. The fact, that the plaintiff had been accustomed to enter charges, of the particular character of the one sued for, on detached slips of paper, and not on his book, ought not to enable him to sue in this form of action. It would be extremely dangerous to establish the doctrine, that a party might keep a book for certain purposes, and loose pieces of paper for other purposes, and maintain an action of book account on either. A book, fairly and regular-

Y

CALEDONIA,
*March,*
1831.

Bell
*vs.*
McLeran.

ly kept, is the essential part of the evidence in support of a claim in this action, and the oath of the party is to be considered as only supplementary to it. The case of *Read* vs. *Barlow* (1 *Aik. Rep.* 145,) is not an authority in plaintiff's favor, for the following reasons : 1. The opinion expressed by JUDGE SKINNER upon this question, was merely an *obiter dictum* ; as the point was not involved in that case. It does not appear, from the statement of facts in that case, that the item, there sued for, was not entered upon the plaintiff's book. 2. It does not appear whether the plaintiff kept a book for any purpose. 3. The court, in that case, virtually admit the correctness, in principle, of the doctrine for which we contend. They say that, " such proof" (the production of an original book) "has been, perhaps unadvisedly, dispensed with by a course of practice." If the proof necessary, in principle, to support an action of book account, has been, by a course of practice, merely, *unadvisedly* dispensed with, it is surely competent for this Court to correct the acknowledged evil. The Court are not called upon to legislate, but to discontinue an improper practice, which they have themselves too long tolerated.

*For the plaintiff, contra.*—After forty years practice in sustaining actions on *book account,* in this state, on proper charges, whether entered regularly on a book, kept for the purpose, or not, and after that practice has been recognized and acquiesced in by this Court, it is too late to disturb it.

The statute, in relation to *actions of account,* after designating the mode of proceeding in common law actions of account, says, in the 2d. section, that actions of account may be sustained on *book accounts,* and, that the same proceedings shall be had as in common actions of account.—*R. L. p.* 141–2. Then follows a *proviso,* that the court, as well as the auditors, shall *have* power to call upon either party, pending the suit, to produce his *ledger,* or *original book of entries,* &c. ; and adds, that no *disputed account* shall be allowed, upon the *oath of the party,* when it shall appear he has an original book of entries, unless such book shall, on reasonable request, be produced. This language clearly implies, not only that, where the account is not disputed, one may entitle himself to a recovery in this action upon his own oath, but when it is disputed, he may recover upon other evidence than his oath, without the possession of one, even when called for. It further implies that if he has no original book, he may support his action *upon his own oath.* How, indeed, can circumstances, which

can only happen in the progress of the suit, determine the form of the action ? The plaintiff can neither know, when he commences the suit, whether it will be disputed, or if it be, whether he shall be called upon for his book.   If then in any case, a party fail of sustaining his account under this head,it will not be because he has erred in his form of action, but because, *having a book*, he refuses, on reasonable request, to produce it.   Such has always been the construction of this statute. Its very terms are inconsistent with the idea, that this action cannot be maintained, unless the plaintiff have a book.   It is said the form, prescribed by statute for a declaration on book, contains a profert of the party's original book.   True, it does ; but this does not render its production necessary, unless called for.   The form, being general and uniform like that in ejectment or in trover,could not be accurately adapted, in its phraseology, to the various circumstances of different cases.   A party often recovers in these cases without proving an actual eviction or actual finding of goods.   Besides, the production of the account on file, or on a scrap of paper, on which it was originally made, is *qua* the party's book, and substantially in accordance with the form.   The statute regards the book as evidence for both parties ; and each party has a right to his own oath, and that of his antagonist.   But it does not make both, or either, indispensable.   The same evidence, which would avail in assumpsit, would of course be sufficient here.

We believe that the party is not excluded from testifying when he has no book.   Loose pieces of paper are admissible as the book, when they contain the original charges.—3 *Dane*, 318 –22 ; 2 *Mass. R.* 217, *Cogswell* vs. *Dolliver* ; 4 *Mass. R.* 455, *Prince* vs. *Smith* ; 13 *do.* 427–29, *Faxon* vs. *Hollis*.

HUTCHINSON, C. J. delivered the opinion of the Court.— There is no dispute about the defendant's indebtedness to the plaintiff; but merely, whether the debt can be recovered in this action on book account.

It is urged, that a book of accounts is indispensable to a recovery in this form of action ; and none was produced by the plaintiff to support his claim before the auditors.   This calls upon the Court to restrain the evidence, in book account actions, to narrower limits than has been done heretofore.   It has generally been considered, that a man may recover, in this form of action, with no other book than one made up in court, provided he can satisfy the auditors, by sufficient common law proof, that the articles char-

CALEDONIA,
  March,
  1831.
_____
  Bell
   vs.
McLeran.

ged were sold and delivered, or the labor done ; and in any way, by his own oath, or that of the other party, show that the same are yet due, or remain proper items of an account for settlement. Indeed, the practice has been, to administer the oath to the party in all cases ; and learn from him, whether he has a book, in which he keeps accounts ; and whether these articles were there charged, and whether done at the time ; and whether it was then understood, that these matters were to be charged, or stand as an account against the other party. Yet it is expedient for every man to keep a regular book, and maintain a habit of charging in it every matter, when it accrues, that he ever intends to claim as an account. Then making oath to his book, that appears thus regular, will usually support the account, unless impeached by other testimony, and in the same proportion, as his account and book deviate from this regularity, will the weight of his own testimony to his account be diminished. And, when no charge is made at or near the date of the transaction, the oath of the party charging needs other testimony to corroborate it before his account should be allowed. But, when the opposite party, under oath, admits the services, or other charges, as in this case, that removes the difficulty.

The law requires no particular form of book-keeping. But there should be something that perpetuates the memory of things as were understood at their date. But that mode, which makes the books most sure to show their own correctness, or furnish a criterion to correct any mistakes, that may happen, is best. Yet experience shows, that, among people, who have but a little to charge on book, each has his own method of charging ; and, when he makes charges at all, and makes them according to his usual custom, what is written must be termed his book, whether it be on the question of oyer, or on an enquiry for his original on trial. But the more liable to mistakes, his method may be, and the more difficulty in detecting such mistakes, the more corroborating testimony he will need to support his account. It appears that the plaintiff's custom is, to keep a book for his family to place in it the accounts, that concern domestic matters ; but that he charges nothing there himself. That the accounts for his professional business are never charged in this book. That those charges are usually made by him on slips of paper, and kept on file. That this account was for such professional business, and was so charged and kept, and that the account produced on trial was the original entry. This was sufficiently a book, to evade any technical

difficulty. All that remained related to the credit of the book and of the plaintiff under oath; and that was put at rest by other testimony, especially by that of the defendant himself.

The judgement of the county court is affirmed.

*Shaw & Co.*, for defendant.

*Bell & Davis*, for plaintiff.