THE BANK OF WOODSTOCK *v.* JOEL K. CLARK, DANIEL
AIKEN AND HIRAM AIKEN.

*Witnesses. Declarations of a party, when admissible, &c.*

Declarations of a party paying money, for the purpose of showing the application or appropriation of the money paid, are admissible; and when made at the time of payment, they become part of the *res gesta*, and are admissible in evidence as such.

A witness, who assigned all claim and interest in a suit which he was prosecuting, by consent of the plaintiffs, for his own benefit, for a consideration before the hearing, is admissible, notwithstanding he assigned the same but a day or two before trial, and with the intent of being a witness to the claim.

The same was held in *Moore* v. *Rich*, 12 Vt. 563.

DEBT, on judgment. Plea, payment and trial by jury.

On trial, it appeared that the amount of the demand in suit had been paid to the plaintiffs by J. Lyman, the attorney, who held the same for collection.

The plaintiffs insisted that the sum of $200,09 of the amount paid, had been paid by Gilman Henry, the sheriff, who held the

*alias* execution upon the original judgment; and that this suit was commenced and prosecuted by said Henry, for his own benefit.

The plaintiffs offered the said Gilman Henry as a witness. It appeared that he was the sheriff, who held the original execution for collection; and that the execution expired in his hands, without being returned, and that this suit was commenced for his benefit, by consent of the plaintiffs, and that he employed the counsel who prosecuted the suit. To his admission, the defendants objected.

The plaintiffs then produced an assignment of this claim, from said Henry to one Enos R. Jennings, and proved its delivery. It appeared that this assignment was executed three days before the trial, and the intent of said Henry in executing the assignment was, to testify in the case, in support of the claim; and that the intent of said Jennings, at the time of taking the assignment, was to use said Henry as a witness, in support of the claim. No other release was produced.

The defendants still objected to the admission of the witness.

The County Court, May Term, 1852,--COLLAMER, J. presiding,— overruled the objection, and admitted the witness, who testified to material facts.

Exceptions by defendants.

The jury returned a verdict for plaintiffs.

*Washburn & Marsh* for defendants.

We think Henry was improperly admitted as a witness. It is found by the exceptions, that the assignment to Jennings was made *just before the trial*, with the intent of making a witness of himself. Henry procured the suit to be commenced for his benefit, prosecuted it to the time of trial, employed attorneys, &c. On the authority of 1 Greenleaf's Evidence, 505, § 402, we think, for these reasons alone, he was incompetent as a witness.

It will be noted that Jennings in no way released Henry from any liability. Henry simply assigns the claim in suit, in order to use himself as a witness.

We think sound policy requires that transactions of this character should be discountenanced by our courts. In the words of HUTCHINSON, Ch. J., in *Jarvis* v. *Barker's Administrator*, 3 Vt. 446, " *It savors too strongly of a case of a real plaintiff to a*

*suit in another's name, selling out his interest for the purpose of becoming a witness to a point not otherwise capable of proof."*

In the present case, it not only " savors " of it, but stands confessedly so found, on the bill of exceptions in the case.

*Tracy, Converse and Barrett* for plaintiffs.

The declarations of Henry, at the time he paid the money to the plaintiff's attorney, were properly admitted. It was part of the transaction,—a part of the *res gesta.* 1 Greenleaf's Evidence, 123, § 108, 109, and cases cited. *Elkins* v. *Hamilton,* 20 Vt. 628 *Ross* v. *Bank of Burlington,* 1 Aik. 43.

Mr. Henry was properly admitted as a witness. We insist, the assignment conveys all his interest in the claim to Jennings. It recites a sufficient consideration, and moreover is under seal.

We also say that public *policy* does not forbid his testifying. *Seymour* v. *Beach,* 4 Vt. 501.

The tendency of decisions has uniformly been for enlarging the rule for the admission of witnesses for the last thirty years. Enlightened public sentiment has been in favor of the admission of persons to testify, whether interested or not, till at length the Legislature has interfered and removed all objections to the competency of witnesses on the ground of interest.

The case of *Jarvis* v. *Barker,* 3 Vt. 445, is not an authority against us, when properly considered.

The opinion of the court was delivered by

ISHAM, J. The declarations of Gilman Henry were admitted on the trial of this case, and were properly received as original testimony. They were made at the time the money was paid— were a part of the transaction, and were calculated to illustrate the character and object of that payment. Such testimony has always been received, for the purpose of showing the application or appropriation of the money paid, and when made at the time of payment, they become part of the *res gesta,* and are admissible in evidence as such. 1 Greenleaf's Evidence, § 108, and cases cited. From this evidence we learn that a part of the money paid at that time to the plaintiffs, was paid from the personal resources of the sheriff, and that, to the amount of that payment, the execution has not been paid by the debtors. This suit is prosecuted, with the

plaintiff's consent, for the benefit of those by whom that advance payment was made; and they are entitled to a judgment, for the amount so advanced.

There can be no doubt, either, as to the competency of Mr. Henry as a witness. Whatever interest he may have had in the event of the suit, was discharged by the assignment of the claim, and the receipt of a consideration therefor. That assignment operated as a legal transfer of the claim to Jennings, so as to cut off any further claim Henry can have thereon. If the claim is recovered, it is for the benefit of Jennings. If lost, it is the loss of Jennings. The case of *Moore* v. *Rich*, 12 Vt. 563, is decisive upon this question. An assignment was there made under similar circumstances, and for a similar purpose, and the witness was held competent; and that no principle of public policy was involved in its consideration, that required the court to regard him as disqualified. These being the only questions urged upon our consideration in the case, the judgment of the County Court must be affirmed.