GEORGE F. HOUGHTON *v. The Estate of* CHARLES PAINE.

## *Evidence.    Book account.*

The plaintiff claimed to recover for writing a memoir of the deceased during his life time, and at his request, the completion and intended publication of which was abandoned at his death. *Held,* that to entitle the plaintiff to recover it was not necessary that he should produce the manuscript of the memoir, though in his possession; but that he might prove by his own testimony the nature and extent of his services in preparing it.

The plaintiff wrote to the executors of the deceased a letter in which he gave a statement of all the facts respecting his employment and services, and before the auditor he offered a copy of the letter as containing a detailed statement of the basis of his claim. *Held,* that there was no error in the auditors receiving it.

BOOK ACCOUNT. Before the auditor the plaintiff presented an account for gathering up data and writing memoir of the deceased, five hundred dollars ; and for cash paid out in expenses, forty dollars and eighty-eight cents ; together with the copy of a letter written by him to one of the executors of the deceased, in which he gave a statement of the facts and circumstances in refer- ence to his employment by the deceased to prepare a memoir of him, and of the progress made in it at the time of his decease. This letter was offered as containing a detailed statement of the basis of the plaintiff's claim, and as such it was received by the auditor, though objected to by the defendants ; and the auditor found the facts, as therein stated, to be substantially correct. The plaintiff had made no charge or memoranda respecting his services or expenses connected with the work, until about the time the claim was presented to the commissioners for allowing claims against the estate of the deceased, and then the charges were made as above by estimation.

Prior to and at the audit the defendants gave notice to, and requested the plaintiff to produce all the memoranda or manu- scripts he had made in the service for which he charged, but the plaintiff declined to do so, and, though objected to by the defen- dants, the plaintiff was allowed by the auditor, to testify to the kind and extent of his services in writing the memoir, without pro- ducing the manuscript itself, in reference to which he testified. The auditor allowed both charges together at one hundred dollars, and the county court, March Term, 1856,— POLAND, J., presid- ing,— rendered judgment in favor of the plaintiff for that sum with interest. Exceptions by the defendants.

*H. Carpenter* for the defendants.

*Merrill & Willard* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The plaintiff claimed five hundred dollars "for gathering up data and writing memoir of the deceased," and forty dollars and eighty-eight cents for expenses paid out. The auditor allowed the whole claim at one hundred dollars. The only

exceptions to the allowance are that the auditor did not require the plaintiff to exhibit the work for which he claimed pay. There is no doubt such an exhibition would have aided very much in forming a correct estimate of its value. But being evidence of the same *grade* with that which was given, we do no see how the auditor could have compelled its production. It clearly was not an original book of entries, which the statute gives the auditor power to compel the production of, or else reject all items there registered. The plaintiff might have had special reasons for not presenting an imperfect work to criticism.

2. The other exception is, that the auditor allowed the plaintiff to make use of the letter attached to the report. But it being claimed to be a specification of his claim, and to contain all the facts upon which it was based, as a sort of original entry, we do not see how it could be rejected. This disposes of all the objections raised in the case, and we have no occasion to speak of the nature of the claim. The letter shows that the plaintiff was not altogether insensible to its peculiar relations of delicacy, and the amount allowed ought perhaps to satisfy the friends of Governor Paine, and the plaintiff; as it could not be supposed either party had any reference to merely pecuniary considerations in a matter so entirely private and personal. But we are not prepared to say that there is any rule of law by which the allowance can be rejected. It is a case so peculiar that no rule of law could be presumed to be settled upon the subject. It is all matter of fact, and the allowance settles it in favor of the plaintiff.

Judgment affirmed.