## LUTHER CROSS *v.* B. W. BARTHOLOMEW.

### *Evidence. Memorandum. Contract.*

A memorandum of a parol contract, made by one of the parties immediately after the contract was made, is not of itself evidence, or evidence in chief, but might be a circumstance tending to confirm the party in his testimony in respect to the contract, and for this purpose was proper to be read to the jury where the other party, the defendant, had introduced testimony tending to show that the plaintiff had testified in respect to the same transaction on a former occasion, before the grand jury, that the defendant deceived him, and did not testify to a contract as he claimed and testified to in this suit; it appearing that the party testified before the grand jury with the same memorandum before him. (*Lapham* v. *Kelley*, 35 Vt., 195.)

GENERAL AND SPECIAL ASSUMPSIT. Plea, the general issue. Trial by jury, and verdict for the plaintiff, September term, 1867, PECK, J., presiding.

The plaintiff claimed and introduced testimony tending to prove that the defendant, who was executor of one Smith, and had charge of the settlement, etc., of a certain administration account of said Smith, on the estate of one Day, which was unsettled at his, Smith's, decease, made certain representations to the plaintiff, who had a claim against Day's estate, as to what per cent. it would pay, and they finally agreed that he should pay the plaintiff eight

per cent. on his claim, and take an assignment of it, and, if the estate should pay any more than eight per cent., the defendant should pay it to the plaintiff, whatever it might be. The defendant's evidence tended to deny this agreement in some respects, and to vary it.

The plaintiff in his testimony produced a memorandum of the contract in substance, as he testified, the agreement was, and testified that he made the memorandum within three minutes after the plaintiff left the shop of Wm. S. Smith, for whom plaintiff was doing some writing, and where the contract was made, on the occasion of the making of the contract, and that he made it on a piece of bill paper, that he was using; that he made the memorandum as the contract was, and immediately after the contract was made, as soon as the defendant left. There was evidence on the part of the plaintiff tending to show that the defendant, when the defendant represented to the plaintiff what the estate of Day would pay, and procured the assignment, knew it was untrue, and that he knew it would pay just what it did afterwards pay, and that his representation was made intending to deceive the plaintiff, and that the plaintiff was ignorant of what Day's estate could pay ; and on the part of the defense there was evidence to the contrary. The particulars of this testimony are not material to the questions reserved by the exceptions. The plaintiff claimed to recover on the ground of fraudulent representations, if the jury did not find the contract as the plaintiff claimed it to be—and this point was submitted to the jury.

The defendant introduced as a witness one Payne, who testified that he was one of the county grand jury when the plaintiff testified before them in relation to this transaction, and that the plaintiff there claimed that the defendant, Bartholomew, deceived him ; that he could not say whether the plaintiff testified that the defendant lied to him, or whether he said he cheated, or defrauded him, but that that was the idea, and that he did not testify on that occasion that the defendant promised to pay him any more than the eight per cent., if Day's estate paid more than that ; and that when the plaintiff testified before the grand jury, he produced a paper that he testified he made at the time the defendant bought

the claim, and had it to refresh his memory when he testified. The witness, Payne, said he could not recollect whether the grand jury had the paper in their possession or not.

To rebut this testimony of Payne, the plaintiff was called, and testified that he testified before the grand jury as he had testified on this trial, and that he there testified with this same memorandum before him. The plaintiff then repeated what he did testify before the grand jury, which was the same in substance as his testimony heretofore stated. The plaintiff then produced the memorandum which he had referred to when he testified before on this trial, and said it was the same that he had before him and produced when he testified before the grand jury, and that he there testified according to it. The plaintiff's counsel proposed to have the memorandum read, to which the defendant's counsel objected. The court decided that it was not of itself evidence, or evidence in chief, but if the jury believed it was made immediately after the contract was made, and that it was the same that Payne had referred to as being before the grand jury, it might be a circumstance tending to confirm the plaintiff in his testimony, and for that purpose allowed it to be read; to which defendant excepted.

After Payne had testified, and before the plaintiff was recalled as above stated, and before the memorandum was offered to be read, the plaintiff called Mr. Heath, who was State's attorney when the plaintiff testified before the grand jury, and he, Heath, testified that said memorandum produced on this trial was the same that the plaintiff had before him when he testified before the grand jury, and that when the plaintiff testified there he left the memorandum with him, Heath, and that he kept it a few days, till they got through with it, and then handed it back to the plaintiff. Heath also testified to what the plaintiff testified before the grand jury, which was the same in substance as the plaintiff's testimony on this trial.

*Heaton & Reed* for the defendant.

*Wing & Lund* for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. We cannot reverse this judgment without over-ruling the decision in *Lapham* v. *Kelley*, 35 Vt., 195, on the very point made by the exceptions in this case. That we are not disposed to do at present, and so the judgment is affirmed.