## ALVAH W. GODDING, ADMINISTRATOR, *v.* SAMUEL ORCUTT.

### *Evidence.*    *Memoranda.*

Private memoranda in a pass-book or elsewhere, are inadmissible in one's favor. In this
case the memoranda were on an execution, and in diaries, and were *held* inadmissible.

GENERAL ASSUMPSIT, but agreed to be treated as though it was an action of assumpsit upon a note dated December 12, 1856, for $66.24, payable to the intestate or order, on demand, with the interest annually.

Pleas, 1st, the general issue; 2d, that the cause of action did not accrue within six years from the commencement of the action; 3d, payment. In the first plea the plaintiff joined issue; to the second plea replied that the note was witnessed; and traversed the third plea. The defendant rejoined by joining issue in the traverse of his third plea, and by traversing the replication to his second plea. In the latter traverse plaintiff joined issue. Trial by jury, December term, 1870, Ross, J., presiding.

The defendant, in support of his third plea, gave evidence tending to show that the note in question was given in settlement of all claims between him and the intestate, and that he paid the intestate $15 by a town order, March 27, 1857, which was endorsed on the note, $20 in cash in April, 1857, and $35 in May or June, 1857, by way of Daniel Beckwith's note.

The defendant admitted that Daniel Beckwith gave him his note for the $35 to discharge a lien which the intestate had upon some cattle, and that the lien arose by the intestate having bid the cattle off on an execution against him in favor of the intestate, and by his suffering the cattle to go back into the defendant's possession, on the defendant's agreeing to pay for them. The defendant claimed that this execution was settled by the note in question, and gave evidence tending to show the same.

The plaintiff offered an execution in favor of the intestate against the defendant, dated October 23, 1853, with the officer's return thereon, and also a memorandum which was proved to be

in the hand-writing of the intestate, stating that the cattle bid off by him on the execution had gone back to the defendant, and also an endorsement, which was proved to be in the hand-writing of the intestate, thereon, of the Daniel Beckwith note, under the date of June 1, 1857. The defendant objected to so much of the above as was in the hand-writing of the intestate. The court overruled the objection and admitted the same, to which the defendant excepted.

The plaintiff also offered in evidence the intestate's ledger, on which the defendant was credited in his account with the intestate the entire amount of the above execution at the date of the execution. The plaintiff also offered in evidence what were proved to be the diaries of the intestate for the years 1857, 1860, 1862 and 1864, on each of which there was, in what was proved to be the hand-writing of the intestate, what purported to be an invoice of the intestate's property, at the time the several invoices were made, in each of which invoices were included the note sued, with the endorsement of the town order of $15, and the execution with the endorsement of the Beckwith note. The dates of the note, execution, and endorsements on each, as well as the amounts, were given in the invoice. To the admission of these invoices contained in these several diaries the defendant objected. The court overruled the objection and admitted the same, to which the defendant excepted. The court submitted the case to the jury with instructions which were not excepted to.

*Belden & May*, for the defendant, cited to the point that an officer can never certify to anything beyond what the law requires, *Barnet* v. *Woodbury*, 40 Vt., 266 ; *Doe, &c.*, v. *Turford*, B. & Ad., 890 ; *Regina* v. *Worth*, 4 Ad. & El., N. S., 132 ; vol. 12 U. S. Digest, 272, § 115 ; 1 Smith's Leading Cases, 391 ; *Chambers* v. *Bernasconi*, 1 Tyrwh., 342 ; *Union Bank* v. *Knapp*, 3 Pick., 96. That private memoranda made for the purpose of preserving a knowledge of a fact are never admissible, though *authenticated by the person making them. Lawrence* v. *Barker*, 5 Wen., 301 ; *Glover* v. *Hunnewell*, 6 Pick., 222 ; *Downer* v. *Rowell*, 24 Vt., 346 ; *Haven* v. *Wendell*, 11 N. H., 112 ; *Burn-*

*ham* v. *Adams*, 5 Vt., 313 ; Story's Con. of Law, §§ 526 & 7 ; *Vide Cross* v. *Bartholomew*, 42 Vt., 206 ; *Lapham* v. *Kelley*, 35 Vt., 195 ; *Coggswell* v. *Dolliver*, 2 Mass., 217 ; 1 Smith's Leading Cases, 499 ; *Welsh* v. *Barrett*, 15 Mass., 380.

*O. S. & C. C. Burke*, for the plaintiff, cited *Price* v. *The Earl of Torrington*, reported in vol. 1, (marginal p. 139,) 390, of Smith's Leading Cases, and the cases therein cited and referred to ; *Cummings et al.* v. *Fullam*, 13 Vt., 434 ; *Bacon* v. *Vaughn*, 34 Vt., 75, and cases therein cited ; 1 Starkie's Ev., (marginal p..) 360, 363, and cases there cited ; 1 Greenleaf's Ev., § 115, *et seq.*, and notes ; *Tucker et al.* v. *Bradley et al.*, 33 Vt., 324.

The opinion of the court was delivered by

REDFIELD, J.    Memoranda on an execution, in the hand-writing of the intestate, " stating that cattle bid off by him on the execution had gone back to the defendant, and also an endorsement on the execution of the Daniel Beckwith note, in the hand-writing of the intestate," were admitted in evidence against the objection of the defendant.    Also certain diaries, in which were memoranda made by the intestate, which purported to be invoices of property and " included the note in suit, with the endorsement of the town order, and the execution, with the endorsement of the Beckwith note."    These were not entries made by a public officer in the discharge of a duty, like the return of a sheriff, or the memoranda of a notary in the discharge of an official duty, but a *private* entry, and *in favor* of the party making it.

We think the admission of these memoranda, as independent evidence, made in his *own interest*, was error.    Books of account, and entries therein showing a *debt*, like goods sold or labor performed, are made evidence by statute.    And it has been held that an entry, in regular course, by a deceased clerk, of labor done, was admissible as independent evidence.    *Bacon* v. *Vaughn*, 34 R., 75.    And even though such clerk be living, and not produced. *Cummings* v. *Fullam*, 13 Vt. R., 434.    But it was distinctly decided in *Lapham* v. *Kelley*, 35 Vt. R., 195, on a thorough and full examination of all the authorities on this subject, that an

entry in a pass-book, of like character, was not admissible as independent evidence.    And we are aware of no well considered case that would warrant a party to make evidence *in his favor*, by private memoranda in a pass-book or elsewhere.

The judgment of the county court is reversed, and the case remanded.