# GLEASON AND FIELD

v.

# L. T. KINNEY'S ADMINISTRATOR.

WASHINGTON COUNTY, 1893.

Before: Ross, Ch. J., Rowell, Munson and Start, JJ.

*Entry on diary. Mortgage. What included under accruing mortgage. Note payable to mortgagee and partner. Money received from property tortiously taken. Redemption.*

1.  If an entry is in proper form and refers to proper matter of book account, it does not lose its character as independent evidence from the fact that it is made upon a diary and not upon the regular account books of the party making it.

2.  Under an accruing mortgage to himself alone the orator may include a promissory note payable to himself and a former deceased partner, or bearer, it not appearing how he holds the note.

3.  Upon a petition to foreclose a mortgage, it cannot be held that a note sought to be included is stale so long as the mortgage is a subsisting security for it.

4.  Under an accruing mortgage conditioned for the payment of all sums which the mortgagor may then or afterwards owe the mortgagee, the mortgagee may include a sum received by the mortgagor from the sale of property belonging to the mortgagee and taken by the mortgagor as a trespasser.

5.  If the petitioner holds a specific mortgage against one parcel, and an accruing mortgage against another parcel, the mortgagor may redeem the first parcel by paying the amount secured by that mortgage, but he cannot redeem the second parcel without paying the entire indebtedness.

Petition to foreclose two mortgages. Heard on the report of a master at March term, 1893. TAFT, chancellor, dismissed the petition *pro forma*. The orator appeals.

One of the mortgages was specific, the other accruing. The condition of the accruing mortgage was as follows :

"The conditions of this deed are such that if the said Liberty T. Kinney shall well and truly pay or cause to be paid to the said C. J. Gleason and H. K. Field, or either of them, such sum or sums as he now owes said Gleason and Field, or either of them, or may hereafter owe said Gleason and Field, or either of them, and indemnify and save harmless said Gleason and Field, or either of them, from any liability they or either may have assumed or shall hereafter assume as surety or otherwise for said Kinney, then this deed to be void and of no effect, otherwise in full force in law."

It appeared that in 1875 the firm of Newhall & Stebbins obtained a judgment against the defendant and set off on execution part of a saw mill owned by him. ' Subsequently Newhall & Stebbins conveyed the property so set off to the petitioner, Gleason. After this conveyance the defendant sold some of the machinery from that part of the mill set off and received $250 in money for it. The petitioner, Gleason, sought to include in the accruing mortgage the above $250 and interest from the time when it was received by the defendant.

The remaining questions raised appear from the opinion.

*S. C. Shurtleff* for the orator.

The defendant can not redeem the parcel covered by the accruing mortgage without redeeming the whole. *Burpee v. Parker et al.*, 24 Vt. 567.

The orator could waive the tort and maintain assumpsit for the money received by the defendant from the sale of the machinery. Hence he might include it in his accruing mortgage. *Burnap v. Patridge*, 3 Vt. 144: *Kidney v. Pearsons*, 41 Vt. 386, and cases cited in the opinion; *State v. St. Johnsbury*, 59 Vt. 332.

*George W. Wing* for the defendant.

The entries in the diaries were not admissible. *Lapham v. Kelley*, 35 Vt. 195; *Cross v. Bartholomew*, 42 Vt. 206; *Godding, Admr.*, v. *Orcutt*, 44 Vt. 54; *Barber's Admr.* v. *Bennett*, 58 Vt. 476; *Parris v. Bellows*, 52 Vt. 351.

The opinion of the court was delivered by

ROSS, Ch. J. In ascertaining the sum due under the accruing mortgage of Feb. 25, 1876, the master reports that he holds that the orator Gleason's entries upon his diary of 1883 are memoranda and not accounts, and therefore not admissible in evidence against the administrator. But if, in the opinion of the court, this diary is admissible in evidence, he then finds that the first three items for money paid for the intestate should be allowed. The items are charges for money paid by the orator to other parties for the intestate. In each instance under the proper date the orator had entered, "Liberty T. Kinney, Dr. To paid ——— ——— for you." The entry is in the form of an original entry of a charge in book account, rather than a memorandum from which such a charge could be formulated. The subject matter of each was a proper matter for charge on book account. In subject matter and form there is no objection

to treating these entries as original entries in a book account. The only objection to treating them as such is the fact that they are found entered under the proper dates in a diary, and not on the orator's regular books of account, which it is found that he kept. The original entry may, of necessity, be made on a diary, or a book, or paper. Such an entry is the foundation of all subsequent entries of the same transaction on the party's journal or ledger. As held in *Houghton* v. *Paine*, 29 Vt. 57, a letter may be a sort of original entry. When the charge is challenged the original entry is the best evidence. The leading case in which a memorandum is distinguished from a charge on book account is *Lapham* v. *Kelly*, 35 Vt. 195. Judge Peck there says: "On inspection of the book, considering the character and purpose of the entries and the defendant's testimony, the book, in the opinion of the court, is not such a book kept in the regular course of business so as to be admissible as evidence *per se*, independent of the testimony of the party tending to prove the correctness of the entries of the transaction in dispute; especially as the entries are not entries of a transaction creating an indebtedness, like the sale of goods, the performance of services, regularly charged on the book of accounts of the party, but a memorandum of a payment made upon a note in discharge of a debt." It is observable that the learned judge makes the nature of the transaction and entry the determinative characteristics between a charge in book account and a memorandum. So do all the cases. *Jewett* v. *Winship*, 42 Vt. 204; *Parris* v. *Bellows' Est.*, 52 Vt. 351; *Cross* v. *Bartholomew*, 42 Vt. 206; *Godding, Admr.*, v. *Orcutt*, 44 Vt. 54; *Barber's Admr.* v. *Bennett*, 58 Vt. 476 and 62 Vt. 50. When the transaction requires and furnishes only a memorandum, its entry on a day book, journal or ledger, intermingled with proper accounts, does not render it any more admissible in evidence. But when it is of such a nature that it is the proper subject of a charge upon book,

and the party enters it as such a charge, although on a book other than his regular books of account, such entry is an original entry in book account. Nor is its character changed by his failure to transfer it upon his regular books of account. We think these entries were, in substance and form, proper entries in book account, and as such admissible in evidence, and that these items should be allowed to the orator.

II. The master also submits whether the Redfield and Gleason note is secured under the accruing mortgage. The note in terms is payable to Redfield and Gleason or bearer. It is a note of long standing. Mr. Redfield has deceased. The partnership was long since dissolved. If it still is a partnership debt the orator, as surviving partner, takes the legal title to the note, and is under a legal duty to collect it and account for the money. It being payable to bearer, and presented by the orator, the legal presumption is that he has the right to present it, as bearer, and that it is due to him, either as surviving partner or individually. The condition of this mortgage secures the payment of all indebtedness from Kinney to the orator which existed at the time of the execution of the mortgage, or might exist at any time during its existence. It is urged that this note is stale. But if secured by the mortgage, as we hold, the age of the note does not defeat its recovery under the mortgage so long as the mortgage is a subsisting security. We think the orator is entitled to have this note allowed in ascertaining the sum due in equity.

III. Under the agreement between the orator and administrator the orator is the owner of that portion of the premises covered by the mortgage of February 25, 1876, set off to Newhall & Stebbins, and has been from the time he took the title from the levying creditors before the execution of the mortgage. Hence when Kinney took any of the property covered by the set-off he took the property of the orator.

No license or sale being shown, he took it as a trespasser. Simply taking it as a trespasser created no indebtedness to the orator which would be secured by the mortgage. But when he received the money for the property taken the orator had the right to waive the tort and treat the money received as belonging to him. This the orator has done by asking to be allowed the sums so received. By such election the money received becomes a debt, from the time it was received by Kinney, the payment of which was secured by the terms of the mortgage. By waiving the tort the orator could recover in assumpsit for the money, under the count for money had and received. *Burnap* v. *Partridge*, 3 Vt. 144; *Scott* v. *Lance*, 21 Vt. 513; *Stearns* v. *Dillingham*, 22 Vt. 624; *Phelps* v. *Conant*, 30 Vt. 277; *Elwell* v. *Martin*, 32 Vt. 220; *Kidney* v. *Persons*, 41 Vt. 386. Hence the sums of $100 and $125, which the master has found that Kinney received for portions of the property set off, taken and sold by him, are recoverable as secured by the mortgage. In the absence of any finding that Kinney received money or its equivalent for any of the other property included in the set-off taken by him, no such indebtedness arose from him to the orator as would be secured under the mortgages. The orator would be obliged to resort to an action of tort, or waste, which also sounds in tort, for its recovery.

IV. The amount due under the mortgage of the farm in Orange is specific, and the defendant can redeem the farm, if he so elects, without reference to the accruing mortgage. But the sum secured by that mortgage is also secured by the accruing mortgage. Hence the defendant cannot redeem the property covered by the latter without redeeming the property covered by both mortgages.

*The pro forma decree of the court of chancery is reversed and the cause remanded, with a mandate to carry into effect the views expressed.*