ISAAC T. PARRIS v. HIRAM BELLOWS'S ESTATE.

*Evidence. Book of Account. Gen. Sts. c.* 36, *s.* 24. *Payment.*

The book introduced in evidence herein, which the plaintiff, who produced it, testified to be a book in which he "kept entries of money paid out", *held*, not to be a book of account within the meaning of section 24, c. 36, Gen. Sts., and the item of charge in question, to be matter of payment, and not a proper matter for charge on book.

APPEAL from the decision and report of commissioners on the defendant estate. Declaration in general assumpsit. Pleas, general issue and set-off. Trial by the court, September Term, 1879, ROYCE, J., presiding.

The plaintiff sought to recover $84.56, with $26.72 interest thereon, paid the testator by mistake in figuring interest on a note for $500. The defendant sought to apply in set-off a balance of $34.24, with interest thereon, due on a note for $234.24. Papers were introduced in evidence as follows: note for $500, dated March 1, 1865, signed by the plaintiff, payable to the testator in two years from date, with interest annually, indorsed, $200, July 18, 1866; receipt to the plaintiff for $132, dated August 17, 1869, and signed by the testator; note for $234.24, dated December 7, 1872, signed by the plaintiff, payable to the testator one day after date, with interest; and receipt for $200, dated April 29, 1873, signed by the testator. The plaintiff was called as a witness and produced " a book in which he testified he kept entries of money paid out, and, against objection and subject to exception" by the defendant, he was permitted to testify that there was an entry therein of " cash paid Mr. Bellows, $185," that it was in the witness's handwriting, and was made on the day of its date, November 15, 1872. He also testified that it was his " book of account", and that he kept no " other book of account of money." There was other evidence tending in some degree to prove payment of $185. After the evidence was all in the defendant urged that there was no evidence on which the court

could " find any facts that would entitle the plaintiff to a judg-ment"; but the court found that the plaintiff paid the testator $185 as claimed, and that when the note of $234.24 was given it was made too large. Whether it was so made by reason of a mis-take in ascertaining the sum due on the note for $500 or by rea-son of neglect to give credit for the $185 did not appear ; but, after allowing the balance due on the note for $234.24 under the plea in set-off, the court found that $75 of the $185, including in-terest, had never been applied or accounted for by the testator, and rendered judgment for the plaintiff for that sum ; to which the defendant excepted.

*E. A. Sowles* and *Edson, Rand & Cross*, for the defendant.

The court erred in admitting the memorandum book as inde-pendent evidence for any purpose. It was not a proper account book, but contained minutes of cash paid only. The testimony of the plaintiff should have been excluded. Gen. Sts. c. 36, s. 24 ; *Lapham* v. *Kelly*, 35 Vt. 195.

The $185 was to be applied on the note for $500 then held by the testator, and cannot be made a substantive cause of action, or a subject of book charge. *Jewett* v. *Winship*, 42 Vt. 204 ; *Slas-son* v. *Davis*, 1 Aik. 73 ; *Strong* v. *McConnell*, 10 Vt. 231.

*G. A. Ballard*, for the plaintiff.

The court did not err in admitting the book, because it was the only book the plaintiff had or kept at the time, and contained en-tries in the usual form of debt and credit. It does not come within the rule laid down in *Jewett* v. *Winship*, 42 Vt. 204.

Then the only remaining question is, Was the item proper sub-ject-matter of charge on book ? The entry is not a statement of a fact or circumstance to aid the recollection, but rather in the nature of a cash-book entry. Hence it does not come within the rule in *Jewett* v. *Winship*, *supra*, and in *Lapham* v. *Kelly*, 35 Vt. 195. There is nothing in the case that shows that the plaintiff paid the money to apply on the note. For aught that appears, the money may have been loaned. It must, therefore, be treated like any other charge made on book, as an independent item of book charge.

The opinion of the court was delivered by

REDFIELD, J.   The admission ·of the memorandum book was error.   It contains, as the plaintiff claims, the memorandum of a fact, made by himself.   He is by statute denied the right to testify to that fact ; and he cannot make a memorandum that shall be legal evidence of that fact.   The case is identical in principle with *Jewett* v. *Winship,* 42 Vt. 204, and *Lapham* v. *Kelly,* 35 Vt. 195, and the reasons given in those cases we deem sound in this.

*Judgment reversed.*